# NATIONAL LABOR RELATIONS BOARD *v.* BAYLOR UNIVERSITY MEDICAL CENTER

No. 78–80. Decided October 30, 1978

PER CURIAM.

Upon a complaint issued by the National Labor Relations Board and on the basis of a substantial record of evidence before a Hearing Examiner, the Board held that respondent's no-solicitation rule with respect to corridors and the cafeteria of the respondent hospital was overly broad and an unfair labor practice in violation of § 8 (a)(1) of the National Labor Relations Act, 29 U. S. C. § 158 (a)(1).

The Court of Appeals for the District of Columbia Circuit refused to enforce the Board's order. 188 U. S. App. D. C. 109, 578 F. 2d 351 (1978). In reaching this conclusion, the Court of Appeals dealt with corridors and the cafeteria separately, assigning different reasons for its holding with respect to each. As to corridors, the court simply concluded that there was no substantial evidence supporting the Board's conclusion that the corridors were not entitled to the same protection accorded other areas devoted essentially to patient care.

The court's holding with respect to the cafeteria was based, however, on a legal judgment that no valid distinction can be made between a hospital cafeteria and cafeterias and restaurants that operate independently or in department stores. In

the latter type of cases, the Board uniformly has held that the presumption in favor of the right to solicit on nonwork time in nonwork areas, established by *Republic Aviation Corp.* v. *NLRB*, 324 U. S. 793 (1945), is inapplicable.* The Court of Appeals therefore applied the general rule applicable to commercial cafeterias and restaurants to the hospital cafeteria.

In *Beth Israel Hospital* v. *NLRB*, 437 U. S. 483 (1978), the Court concluded that the *Republic Aviation* presumption did apply to a hospital cafeteria maintained and operated primarily for employees and rarely used by patients or their families. The corridors of the hospital serving patients' rooms, operating and treatment rooms, and other areas used by patients and their families were neither involved nor considered by the Court in *Beth Israel*.

As the Court's decision in *Beth Israel* is relevant to the cafeteria issue in this case, we grant the petition for a writ of certiorari, vacate the judgment, and remand the case to the Court of Appeals for reconsideration in light of *Beth Israel* only on that issue. Insofar as the petition for certiorari seeks review of the corridor issue, the petition is denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE WHITE and MR. JUSTICE MARSHALL join, dissenting in part.

I dissent from the decision to limit the remand in this case to the cafeteria issue.

The NLRB sought enforcement of an order rescinding the operation of Baylor's no-solicitation rule in, *inter alia,* the hospital's cafeteria and corridors. The Board's order rested

---

*In the present case, the Board had applied the *Republic Aviation* presumption to all areas of the hospital deemed by it not devoted "strictly [to] patient care," in accord with its decision in *St. John's Hospital and School of Nursing, Inc.,* 222 N. L. R. B. 1150 (1976). The Board held that the corridors throughout the hospital and the cafeteria were noncare areas.

on its decision in *St. John's Hospital and School of Nursing, Inc.,* 222 N. L. R. B. 1150 (1976), disapproving "the prohibition [of solicitation] in areas other than immediate patient-care areas . . . absent a showing that disruption to patient care would necessarily result if solicitation and distribution were permitted in those areas," *Beth Israel Hospital* v. *NLRB,* 437 U. S. 483, 495 (1978). In refusing enforcement, the Court of Appeals determined that *St. John's* was inconsistent with congressional intent to minimize disruption in hospitals, and that because in hospital matters the Board was also acting outside of its area of expertise, its decision was "entitled to little of the deference traditionally accorded to NLRB actions," 188 U. S. App. D. C. 109, 111, 578 F. 2d 351, 353 (1978). These bases for legal determination of the validity of no-solicitation rules, which the Court of Appeals then applied to the specific problems of the cafeteria and corridors, are precisely the bases which *Beth Israel Hospital* v. *NLRB, supra,* rejected as erroneous.

*Beth Israel* refused to accept petitioner's claim that the Board's *St. John's* opinion constituted an impermissible construction of the NLRB's policies as applied to the health-care industry by the 1974 amendments. Instead, the Court held that

> "the Board's general approach of requiring health-care facilities to permit employee solicitation and distribution during nonworking time in nonworking areas, where the facility has not justified the prohibitions as necessary to avoid disruption of health-care operations or disturbance of patients, is consistent with the Act." 437 U. S., at 507.

*Beth Israel* did, of course, recognize the special considerations appropriate to labor disputes in hospital settings, and reminded the NLRB that it bears

> " 'a heavy continuing responsibility to review its policies concerning organizational activities in various parts of

hospitals. Hospitals carry on a public function of the utmost seriousness and importance. They give rise to unique considerations that do not apply in the industrial settings with which the Board is more familiar. The Board should stand ready to revise its rulings if future experience demonstrates that the well-being of patients is in fact jeopardized.' " *Id.*, at 508, quoting *NLRB* v. *Beth Israel Hospital,* 554 F. 2d 477, 481 (CA1 1977).

Nonetheless, *Beth Israel* reaffirmed the Court's oft-expressed view that the function of striking the balance between the conflicting interests of employers and employees is a responsibility which Congress committed primarily to the Board, subject to limited judicial review, *NLRB* v. *Truck Drivers,* 353 U. S. 87, 96 (1957), and held that in the area of hospital labor relations the decisions of the Board are entitled to the traditional deference. *Beth Israel Hospital,* 437 U. S., at 500–501.

While it is true that the facts of *Beth Israel* involved only a hospital cafeteria, nowhere did the opinion hint that its analysis was to apply only within a cafeteria's four walls.* Indeed, after approving the Board's general principle of requiring hospitals to justify their prohibitions of solicitation, the Court in its very next sentence stated that "with respect to *the application of* that principle to petitioner's cafeteria, the Board was appropriately sensitive to the importance of petitioner's interest . . . ." *Id.*, at 507 (emphasis added). *Beth Israel,* then, is clearly a case of general import, with application to disputes over the validity of rules inhibiting solicitation wherever applied within the hospital.

---

*There is one element of *Beth Israel,* identified in the majority opinion in this case, which is only relevant to the cafeteria issue—the holding that the NLRB can validly distinguish between hospital cafeterias and independent restaurants. But the fact that the Court of Appeals' decision runs afoul of this additional aspect of *Beth Israel* hardly makes its other shortcomings, which are equally applicable to both disputed areas of the building, irrelevant.

I, of course, intimate no view upon the merits of the corridors issue. It may well be that on the facts of the case the hospital has justified the prohibition of solicitation as necessary to avoid disruption of health-care operations or disturbance of patients. It is our role, however, to insure that the proper legal standard is applied to the facts. For that reason, I would follow our usual practice of granting the petition, vacating the judgment, and remanding the case without limitation for reconsideration in light of *Beth Israel*.